UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILIP STENGEL, | CASE NO. 3:25-cv-05927-DGE |
| Plaintiff, | ORDER ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DKT. NO. 19) |
| v. | |
| PENTAGON FEDERAL CREDIT UNION, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for leave to file a first amended complaint.[1]  (Dkt. No. 19.)  Plaintiff seeks to add certain facts and affirmatively narrows his

---

[1] The Court notes that Plaintiff's motion for leave to file an amended complaint does not comply with the Local Civil Rules.  Pursuant to Local Civil Rule 15(a), if a party moves for leave to file an amended complaint, they must "indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added."  Here, Plaintiff's proposed amended complaint does not identify or mark the differences between the proposed complaint and the initial complaint. (Dkt. No. 19-1 at 1–7.)  Plaintiff's motion could be denied on this basis alone.  Nevertheless, for purposes of judicial economy, the Court will consider Plaintiff's proposed amended complaint on the merits and concludes that it fails to state a claim.

ORDER ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DKT. NO. 19) - 1

claim for retaliation under the Equal Credit Opportunity Act ("ECOA") to only his account ending in 0013. For the reasons that follow, Plaintiff's motion is DENIED.

## I    BACKGROUND

On January 30, 2026, the Court granted Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (Dkt. No. 18.) In its order, the Court determined that Plaintiff was unable to allege facts sufficient to state a claim of retaliation under ECOA related to two accounts he held with Defendant. As to the 5881 account, Plaintiff conceded he took protected activity after the adverse action occurred, and therefore, his retaliation claim failed as a matter of law. (*Id.* at 5–6.) As to the 0013 account, Plaintiff relied on only a "single inference of temporal proximity" in support of his retaliation claim and did not explain how the temporal proximity should raise an inference of retaliation. (*Id.* at 6–7.) The Court also found Plaintiff was unable to state a claim under Regulation B of the ECOA because he did not allege facts that showed the notice provided by Defendant was "in any way inconsistent with the notification requirements" and further, Plaintiff demanded specificity that was beyond the regulatory requirements. (*Id.* at 7–9.)

The Court informed Plaintiff he may move for leave to file an amended complaint, and that his proposed amended complaint "should identify with specificity the additional facts alleged in the proposed amended complaint that support the claims asserted." (*Id.* at 9.) Plaintiff filed his motion for leave to amend later that day. (*See* Dkt. No. 19.)

In his motion for leave to amend, Plaintiff states he has narrowed his complaint to a single claim for ECOA retaliation. (*Id.* at 1.) In his proposed amended complaint, Plaintiff

---

[2] Plaintiff voluntarily withdrew claims under the Fair Credit Reporting Act and 12 U.S.C. § 5531 in the course of briefing the motion to dismiss. (*See* Dkt. Nos. 12 at 1; 18 at 3.)

ORDER ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DKT. NO. 19) - 2

clarifies he is no longer bringing an ECOA retaliation claim based on the credit reduction to his 5881 account.  (Dkt. No. 19-1 at 3.)  Plaintiff alleges that after the credit limit on his 5881 account was reduced for "high utilization of unsecured credit" on September 2, 2025, he filed a written complaint with the Consumer Financial Protection Bureau ("CFPB") on September 3, 2025, asserting that the reduction was "unfair and harmful."  (*Id.*)  He also contacted Defendant directly to challenge the reduction.  (*Id.*)  Then, on September 6, "within a few days" of filing the CFPB complaint, Defendant reduced the credit limit on Plaintiff's 0013 account.  (*Id.*)  Plaintiff alleges this was a "new and separate adverse action" that had not occurred before his CFPB complaint, but acknowledges the same reason for the reduction was provided: "high utilization of unsecured credit."  (*Id.* at 3–4.)

Plaintiff again contacted Defendant to challenge the reduction.  (*Id.* at 4.)  Defendant's responses apparently did not "identify any concrete, individualized change in Plaintiff's risk profile" and Defendant refused to restore Plaintiff's credit limits.  (*Id.*)  Defendant's President and CEO James R. Schenck told Plaintiff the account decreases were the result of a "regular account-review process" and that Defendant had used "the same credit report information and the same established guidelines to review both accounts."  (*Id.*)  Plaintiff complains Schenck had "full knowledge" of Plaintiff's CFPB complaints and still "ratified the second reduction."  (*Id.* at 5.)  Plaintiff alleges as a result of Defendant's actions, his credit profile and credit scores have been negatively affected and he has experienced stress, frustration, and anxiety.  (*Id.*)

Plaintiff's proposed amended complaint includes one claim for ECOA retaliation pursuant to 15 U.S.C. § 1691(a)(3).  (*Id.*)  He alleges: "[i]n light of the close temporal proximity between Plaintiff's protected activity and the second reduction, the absence of any intervening credit events, and [Defendant]'s admissions that both reductions used the same underlying data

ORDER ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DKT. NO. 19) - 3

and criteria, it is reasonable to infer that Plaintiff's complaints were a motivating factor in [Defendant]'s decision to reduce the 0013 limit and to refuse restoration." (*Id.* at 6.)

In response, Defendant argues Plaintiff's proposed complaint is futile because it does not cure the pleading defects originally identified by this Court. (*See* Dkt. No. 20 at 2.) It reiterates that the fact it "reduced both limits based on the 'same underlying data and criteria' [Defendant] analyzed before [Plaintiff] filed the CFPB complaint destroys any possible inference of retaliatory intent." (*Id.* at 3.) Plaintiff filed his reply shortly after and argued that Defendant was making a merits defense, rather than arguing it would be futile to grant leave to amend and contends that his new factual allegations have addressed the Court's concerns. (Dkt. No. 21 at 3.)

## II    DISCUSSION

### A. Legal Standard

Typically, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While courts favor granting leaves to amend, five factors can lead courts to deny such motions: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) [if] the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Since Plaintiff has not previously amended his complaint and Defendant does not argue there is no evidence of bad faith, undue delay or prejudice (*see* Dkt. No. 20), the Court's analysis focuses on whether Plaintiff's amendment would be futile. "A court may deny leave to amend 'where the amendment would be futile . . . or where the amended complaint would be subject to dismissal.'" *Puget Soundkeeper All. v. APM Terminals Tacoma LLC*, 545 F. Supp. 3d 893, 896 (W.D. Wash. 2021) (quoting *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)). "A proposed amendment will be rejected as futile 'if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Walters v. Superior Tank Lines Nw. Div., LLC*, Case No. C19-0191RSL, 2019 WL 3067299, at *1 (W.D. Wash. July 12, 2019) (quoting *Combs v. Lehman*, Case No. C08-5063 RJB/KLS, 2010 WL 1537289, at *1 (W.D. Wash. Apr. 15, 2010) (citation omitted)).

**B. Analysis**

Granting Plaintiff leave to file his proposed amended complaint would be futile because Plaintiff still fails to state a claim. To state a claim for ECOA retaliation, Plaintiff must allege sufficient facts to show: "(1) he engaged in a statutorily protected activity; (2) [he] suffered an adverse credit action; and (3) a causal connection exists between the two." *Shah v. JPMorgan Chase Bank, N.A.*, Case No. 2:24-cv-08601-AH (Ex), 2025 WL 1421290, at *4 (C.D. Cal. May 8, 2025) (quoting *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998) (adopting a Title VII-like framework)). Like his initial complaint, Plaintiff's ECOA retaliation claim in his proposed amended complaint fails on the retaliation prong.

As Defendant points out (*see* Dkt. No. 20 at 3), Plaintiff's entire claim rests on the temporal proximity between when he filed his CFPB complaint regarding the reduction to his 5881 account, the "absence of any intervening negative credit events," and the reduction to the

ORDER ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DKT. NO. 19) - 5

0013 account. (Dkt. No. 19-1 at 6.) Plaintiff concludes "it is reasonable to infer" that his complaints were a "motivating factor" in Defendant's decision to reduce the limit on the 0013 account. (*Id.*) But absent in Plaintiff's complaint are any facts that support this inference, aside from the mere premise of temporal proximity. Plaintiff does not explain *how* this Court is to infer causation premised on Schenck's knowledge of Plaintiff's CFPB complaint, nor *why* the lack of "derogatory credit events" in between the two reductions automatically means the second reduction was retaliatory. (*Id.* at 5–6.) As this Court has already found, it is "'causation, and not temporal proximity alone,'" that is a necessary element of a retaliation claim. (Dkt. No. 18 at 6) (citing *Blanchard v. Lahood*, 461 Fed. App'x. 542, 544 (9th Cir. 2011)). While Plaintiff's proposed amended complaint includes a more detailed description of the credit reduction and his subsequent reports to Defendant, these details do not "nudge his claims . . . across the line from conceivable to plausible." *Ashcroft. v. Iqbal*, 556 U.S. 662, 680 (2009) (citation and alterations omitted).

Further, as Defendant has noted (and Plaintiff has acknowledged), Defendant provided the exact same reason for the limit reduction to both accounts—which Defendant argues "undercuts" Plaintiff's inference of retaliation. (*See* Dkt. Nos. 19-1 at 3–4; 20 at 3.) Plaintiff argues in his reply this fact "does not eliminate causation as a matter of law." (Dkt. No. 21 at 3.) But even accepting Plaintiff's allegations as true, the allegations are equally consistent with *either* retaliation *or* Defendant's "obvious alternative explanation" for the credit limit reduction. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007). "When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d

1104, 1108 (quoting *Iqbal*, 556 U.S. at 678 (2009)).  Here, "[s]omething more is needed," such as facts tending to exclude the possibility that Defendant's alternative explanation is true, or facts tending to show a factual basis for Plaintiff's speculation that his CFPB complaint motivated Defendant's reduction to his account limit.  *Century Aluminum*, 729 F.3d at 1108 (citation omitted).  As formulated, Plaintiff's proposed complaint "amount[s] to nothing more than unwarranted factual inferences and legal conclusions[,]" and therefore, it "stops short of the line between possibility and plausibility."  *D. Carlyle Int'l LLC v. J.P. Morgan Chase & Co.*, Case No. 10 Civ. 6039(RMB), 2011 WL 1676049, at *4 (S.D.N.Y. Apr. 26, 2011) (dismissing ECOA retaliation claim where the plaintiffs failed to plead a plausible causal connection between their protected activity and the adverse action); *Twombly*, 550 U.S. at 557.

Because Plaintiff's proposed amended complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court concludes amendment would be futile.  *See Mendina v. Garcia*, 165 F. Supp. 3d 861, 875 (N.D. Cal. 2016) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[]" under the Rule 12(b)(6) standard.) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998) (citations omitted)); *see also Hunter v. U.S. Dep't of Educ.*, 650 F. Supp. 3d 1104, 1118 (D. Or. 2023) (a court need not grant leave to amend in cases when permitting the plaintiff to amend would be "an exercise in futility").

### III    CONCLUSION

Accordingly, Plaintiff's motion for leave to file an amended complaint (Dkt. No. 19) is DENIED.  This matter is now closed.

Dated this 18th day of February 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DKT. NO. 19) - 8